## United States Bankruptcy Court
### District of Minnesota

| | |
|---|---|
| **IN RE:** | Case No. **5:13-bk-50902** |
| **PAULS, CECILIA A** | Chapter **13** |
| Debtor(s) | |

## MODIFIED CHAPTER 13 PLAN
### Dated: February 18, 2014 .

**1. DEBTOR'S PAYMENTS TO TRUSTEE –**
a. As of the date of this plan, the debtor has paid the trustee $  **4,605.00 .**
b. After the date of this plan, the debtor will pay the trustee $  **1,535.00** per **month** for **57** months, beginning within 30 days after the relief, February 2014, for a total of $**87,495.00.** The minimum plan length is **[ ]** 36 or **[X]** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee:  a lump sum payment in month 54 of the plan for Real Assets LLC of **$54,293.04**
d. The debtor will pay the trustee a total of **$146,393.04** [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** – The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or **$14,639.30,** [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| *Creditor* | *Monthly Payment* | *Number of Months* | *TOTAL PAYMENTS* |
|---|---|---|---|
| **None** | | | |
| TOTAL | | | **0.00** |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| *Creditor* | *Description of Property* |
|---|---|
| **None** | |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| *Creditor* | *Description of Claim* |
|---|---|
| **None** | |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** – The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The trustee will pay the mortgage payments that come due after the date the petition was filed to the creditor. The remaining principle and interest not paid in this plan will be paid by the debtor in the 60th month of the plan or within one month of this plans dismissal directly to the creditor, Real Assets LLC, as a balloon payment. The creditors will retain liens. *All following entries are estimates* . The trustee will pay the actual amounts of default.

| *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|
| **REAL ASSETS LLC** | **6,012.00** | **167.00** | **17** | **36** | **6,012.00** |
| | *Principal* | | | | |
| **REAL ASSETS LLC** | **108,111.04 (total)** | **902.00** | **1** | **53** | **47,806.00** |
| **REAL ASSETS LLC** | One Lump Sum Payment to be made in month 54 of the plan | | | | **54,293.04** |
| TOTAL | | | | | **108,111.04** |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** – The trustee will cure defaults on the following claims as set

forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate*** .

| Creditor | Amount of Default | Int. rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| **None** | | | | | | |
| TOTAL | | | | | | 0.00 |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** – The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | Monthly Payment | Number of Payments | Payments on Account of Claim | Adequate Protection from ¶ 3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| **CAPITAL ONE AUTO FINANCE** | 16,667.06 | 16,667.06 | 4.00 | 1 | 311.65 | 59 | 18,387.34 | 0.00 | 18,387.34 |
| TOTAL | | | | | | | | | 18,387.34 |

**9. PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates*** . The trustee will pay the amounts actually allowed.

| Creditor | Estimate Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **Minnesota Dept Of Revenue** | 980.88 | 140.13 | 12 | 7 | 980.88 |
| **Roger F. Hamilton** | 2,000.00 | 166.67 | 1 | 12 | 2,000.00 |
| TOTAL | | | | | 2,980.88 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates*** .

| Creditor | Int. Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| **None** | | | | | | |
| TOTAL | | | | | | 0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** – The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $**2274.48** [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **69,316.63**.
c. Total estimated unsecured claims are $ **69,316.63** [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** – All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** – The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
**Debtor pledges all disposable income for the duration of the plan.  Disposable income shall include, in addition to the plan payment amount, tax refunds in excess of $1,200.00 less any earned income credit.**

**Debtor will pay $47,806.00 at the rate of $902.00 each month to the 53rd month and $167.00 beginning in the 17th month of the plan for 36 payments, through the Chapter 13 Plan to Real Asset LLC for a totzl of $108,111.04, including attorney's fee of $3,750.00 for her residence. The amount remaining to be paid to Real Asset LLC for the Contract for Deed of Sept. 10, 2010 of approximately $54,293.04, will be due and payable as a lump sum payment in the 54th month of the plan. If the case is dismissed, an adjusted amount accounting for all payments made to the date of dismissal will be paid  within 30 days of the plans dismissal. The funds for the lump sum payment, due in the 54th month of the plan, will be obtained by debtor through refinancing, through cashing in her retirement plan or by other means that may become available to her.**

**14. SUMMARY OF PAYMENTS –**

| | | |
|---|---|---:|
| Trustee's Fee [Line2] | $ | 14,639.30 |
| Home Mortgage Defaults [Line 6(d)] | $ | 108,111.04 |
| Claims in Default [Line 8(d)] | $ | 0.00 |
| Other Secured Claims [Line 8(d)] | $ | 18,387.34 |
| Priority Claims [Line 9(f)] | $ | 2,980.88 |
| Separate Classes [Line 10(c)] | $ | 0.00 |
| Unsecured Creditors [Line 11] | $ | 2,274.48 |
| TOTAL [must equal Line 1(d)] | $ | 146,393.04 |

**Roger F. Hamilton 0341976**
**Roger F. Hamilton**
**107 NE Washington Street**
**Brainerd, MN  56401-0466**
**(218) 824-0688**

Signed:  */s/ CECILIA A. PAULS*
                                    DEBTOR

Signed:
                                    DEBTOR (if joint case)

**United States Bankruptcy Court**
**District of Minnesota**

IN RE:

**SIGNATURE DECLARATION**

PAULS, CECILIA A

Case No. 5:13-bk-50902

Debtor(s)

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (Please describe: )

     I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 2/18/2014

X _Cecilia A Pauls_____

Signature of Debtor or Authorized Representative

PAULS, CECILIA A
Printed Name of Debtor or Authorized Representative

X _____

Signature of Joint Debtor

_____

Printed Name of Joint Debtor

## United States Bankruptcy Court
### District of Minnesota

IN RE:

**PAULS, CECILIA A**
_____
                    Debtor(s)

Case No. **5:13-bk-50902** _____

Chapter **13** _____

### CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the following document(s):
**Modified Chapter Thirteen Plan and Notice of Confirmation Hearing**

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, electronically or by first class mail, postage prepaid, on this _18th_ day of ___**February**___ , _**2014**_ .

/s/ Roger F. Hamilton
_____
**Roger F. Hamilton 0341976**
**Roger F. Hamilton**
**107 NE Washington Street**
**Brainerd, MN 56401-0466**
**(218) 824-0688 Fax: (218) 824-0689**
**rogerfha@integra.net**

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**CAPITAL ONE AUTO FINANCE**
**3901 DALLAS PKWY**
**PLANO, TX 75093**

**REAL ASSETS LLC**
**550 25TH AVENUE NORTH**
**ST. CLOUD, MN 56303**

Erik A. Ahlgren
Suite 105
Wells Fargo Center
Fergus Falls MN 56537

U.S. Trustee
1015 U.S. Courthouse
300 S. 4th Street
Minneapolis MN 55415

Kyle L. Carlson, Trustee
P.O. Box 519
Barnesville MN 56514

Ascension Capital Group
P.O. Box 201347
Arlington TX 76006

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
### District of Minnesota

IN RE:                                                    Case No. **5:13-bk-50902**

**PAULS, CECILIA A**                                      Chapter **13**

Debtor(s)

### CERTIFICATE OF SERVICE

I hereby certify that on **February /8 2014**_____, a copy of **Modified Chapter 13 Plan & Notice of Confirmation Hearing**
was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

Respectfully submitted,
**PAULS, CECILIA A**

**/s/ Roger F. Hamilton**
**Roger F. Hamilton 0341976**
**Roger F. Hamilton**
**107 NE Washington Street**
**Brainerd, MN 56401-0466**
**(218) 824-0688  Fax: (218) 824-0689**
**rogerfha@integra.net**

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

CAPITAL ONE AUTO FINANCE          REAL ASSETS LLC
3901 DALLAS PKWY                  550 25TH AVENUE NORTH
PLANO, TX 75093                   ST. CLOUD, MN 56303

Erik A. Ahlgren                   U.S. Trustee                 Kyle L. Carlson, Trustee
Suite 105                         1015 U.S. Courthouse         P.O. Box 519
Wells Fargo Center                300 S. 4th Street            Barnesville MN 56514
Fergus Falls MN 56537             Minneapolis MN 55415

Ascension Capital Group
P.O. Box 201347
Arlington TX 76006